UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA (STATE OF CALIFORNIA),<br><br>Plaintiff,<br><br>v.<br><br>GILBERTO VALADEZCANCHOLA,<br><br>Defendant. | Case No.  1:25-cv-00904-KES-EPG<br><br>ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION AND REMAND<br><br>(ECF No. 1) |

## I.  INTRODUCTION

Defendant Gilberto Valadezcanchola removed this action from the Tulare County Superior Court on July 24, 2025.  (ECF No. 1).  Defendant is proceeding *pro se* in this action.

After reviewing the notice of removal, and given that there is no complaint attached to the notice of removal, the Court will order Defendant to show cause why the case should not be remanded to state court for lack of federal jurisdiction.

## II.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Under 28 U.S.C. § 1441, defendants may remove a state court action to federal court for a

variety of reasons, including where Federal claims are at issue in the action.  Under federal question jurisdiction, federal district courts "have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

And "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'"  *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "[I]ndeed, [the Ninth Circuit has] held that the district court must remand if it lacks jurisdiction."  *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, a plaintiff is "the plaintiff the master of the claim" and the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*

### III.    ANALYSIS

Defendant attempts to remove this action pursuant to 28 U.S.C. § 1442(a)(1).  Under this statute:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the

2

apprehension or punishment of criminals or the collection of the revenue. 28 U.S.C. § 1442(a)(1).

Here, Defendant does not allege that he is representing an agency of the United States or an officer of the United States. He also does not allege that he is acting under color of law for the actions pertaining this case. Instead, Defendant appears to attempt to remove the case not because the complaint presents any federal question or diversity jurisdiction, but by alleging that the state court process itself is violating his constitutional rights. This is not a proper basis for removal under 28 U.S.C. § 1442(a)(1). Therefore, the Court will require Defendant to show cause why this case should not be remanded to state court for lack of jurisdiction.

Additionally, Defendant does not appear to have attached a copy of the complaint to his removal notice. Pursuant to §1446(a), a defendant desiring to remove a civil action from state court must file a notice of removal in the federal court "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The Ninth Circuit has held that the failure to attach a required document to the notice of removal is a curable defect. *Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136 (9th Cir. 2013) ("We agree with a leading treatise and with our sister circuits that 'this *de minimis* procedural defect was curable' even 'after expiration of the thirty-day removal period.'" (citations omitted)). Accordingly, the Court will also order Defendant to file the operative complaint on the docket.

### IV.     ORDER

For the reasons given above, IT IS ORDERED as follows:

1. By no later than September 5, 2025, Defendant shall file a response to this order showing cause why this case should not be remanded to state court for lack of federal jurisdiction.
2. Also by no later than September 5, 2025, Defendant shall file a copy of the operative complaint on the docket.

\\\
\\\
\\\
\\\

3

3. A failure to respond to this order to show cause may result in remand of this case to state court.

IT IS SO ORDERED.

Dated: **August 7, 2025**　　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4