UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA (STATE OF CALIFORNIA),<br><br>Plaintiff,<br><br>v.<br><br>GILBERTO VALADEZCANCHOLA,<br><br>Defendant. | Case No.   1:25-cv-00904-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE REMANDED TO CALIFORNIA SUPERIOR COURT, TULARE COUNTY<br><br>OBJECTIONS, IF ANY DUE WITHIN FOURTEEN DAYS<br><br>(ECF Nos. 3. 4) |

Defendant Gilberto Valadezcanchola ("Defendant") removed this case from the Superior Court of California, Tulare County on July 24, 2025 (ECF No. 1). Although Defendant has not included the charging documents in his notice of removal, Defendant claims that they concern criminal charges against him for unlicensed driving and wet reckless from June 2, 2022. In addition, Defendant claims that there is a bench warrant against him, issued February 23, 2023, for non-completion of community service and unpaid fines.

On August 7, 2025, the Court ordered Defendant to show cause why this action should not be remanded to state court for lack of federal jurisdiction. (ECF No. 3). On August 25, 2025, Defendant filed a response to the Order to Show Cause. (ECF No. 4).

For the following reasons, the Court recommends this action be remanded to Superior Court of California, County of Tulare.

\\\

1

## I. BACKGROUND

### a. Notice of Removal

On July 24, 2025, Defendant removed this action from Superior Court of California, County of Tulare. (ECF No. 1).

As a basis for removal, Defendant cited 28 U.S.C § 1442 (a)(1), which allows for removal of a criminal prosecution against the United States or any agency or officer acting on behalf of the United States in certain circumstances. Defendant's notice stated that removal was "based on constitutional violations and state action taken under color of law that interfered with Defendant's rights, including denial of due process, obstruction of access to court, retaliatory and ultra vires issuance of a bench warrant, [and] failure to allow lawful agency filings and pro se redress." (ECF No. 1, at p. 1-2).

Although the Notice did not include any charging documents, it appeared that the underlying case concerned a criminal proceeding against Defendant. Notably, the Plaintiff is *The People of the State of California*, the Notice of Removal was served on the Tulare County's District Attorney's office, and Defendant's notice refers to a "bench warrant." (ECF No. 1, pp. 2-3).

The Notice attached several documents that appear to be filings that Defendant made in the criminal case against him, including a Petition for Writ in the Nature of Quo Warranto, Affidavit of Truth & Reservation of Rights, Petition for Writ in the Nature of Discovery, Notice of Special Appearance By Affidavit Challenge of Jurisdiction Under Title 5 U.S.C. 556(d).

### b. Order to Show Cause

On August 7, 2025, the Court ordered Defendant to show cause as to why the case should not be remanded to state court for lack of subject matter jurisdiction. (ECF No. 3).

The Court noted that Defendant failed to attach a copy of the complaint to the removal notice, which is required for removal under 28 U.S.C. § 1446(a) (requiring the notice of removal to contain "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action").

Additionally, the Court explained that 28 U.S.C § 1441(a)(1) did not appear to apply to this case because "Defendant does not allege that he is representing an agency of the United

States or an officer of the United States." (ECF No. 3, at p. 3).

The Court ordered Defendant to file a response demonstrating why the case should not be remanded for improper removal and to file a complaint on the docket no later than September 5, 2025. (ECF No. 3).

### c. Defendant's Response to Order to Show Cause

On August 25, 2025, Defendant filed a response to the Court's order to show cause. (ECF No. 4).

In his response, Defendant stated that he does not have copies of the complaint or the orders/warrants. However, he stated that the charges are for "VC § 12500(a) Unlicensed Driving); VC § 23103(a)/23103.5 (Wet Reckless, dated June 2, 2022). He also listed a "Bench Warrant: Issued February 23, 2023, for alleged non-completion of community service and unpaid fines." (ECF No. 4, p. 2).

Defendant claims "removal is proper under 28 U.S.C § 1442(a)(1) because:

1. Defendant was functionally 'acting' under federal authority by enforcing constitutionally mandated duties grounded in the Supremacy Clause, Due Process, the Right to Interstate Travel, and Access to Courts;

2. Defendant presents multiple colorable federal defenses; and

3. The prosecution and warrant enforcement are "for or relating to" those federally grounded acts.

(*Id.*). Defendant argues that he was acting under federal authority because:

> Although Defendant is not a federal employee or contractor, he acted in functional subordination to and in execution of federally guaranteed rights, whose enforcement via federal petitioning and due-process mechanisms places him with the spirit, if not the letter of, "acting under a federal mandate. If § 1442 apples to those 'helping carry out federal duties,' then Defendant—by invoking and enforcing rights that only exist under federal constitutional law—is within the protection zone…

(*Id.*, p. 2). He also asserts that he has colorable defenses under the federal constitution.

## II. ANALYSIS

Defendant removed this case "pursuant to 28 U.S.C. § 1442(a)(1), which concerns "Federal officers or agencies sued or prosecuted," and states:

**(a)** A civil action or criminal prosecution that is commenced in a State court and

3

> that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (**1**) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

"The federal statute permits removal only if [Defendant], in carrying out the 'act[s]' that are the subject of the petitioners' complaint, was 'acting under' any 'agency' or 'officer' of 'the United States.'" *Watson v. Philip Morris Companies, Inc.* 551 U.S. 142, 147 (2007). "To remove a state court action under the federal officer removal statute, a defendant must establish that '(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a colorable federal defense.'" *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir.), *cert. denied*, 143 S. Ct. 444 (2022) (quoting *Stirling v. Minasian*, 955 F.3d 795, 800 (9th Cir. 2020)). "To demonstrate a causal nexus, the private person must show: (1) that the person was 'acting under' a federal officer in performing some 'act under color of federal office,' and (2) that such action is causally connected with the plaintiff's claims against it." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022).

Defendant is not entitled to removal under this statute. Defendant is not the United States, or an agency or an officer of the United States. Indeed, Defendant concedes that he "is not a federal employee or contractor." (ECF No. 4, p. 2).

Instead, Defendant claims that his "role parallels that of a Private Attorney General acting to vindicate public rights and enforce federal law were state action conflicts with constitutional supremacy." (ECF No. 4, p. 3). However, acting privately to enforce federal rights is not a basis for removal. Defendant does not claim that any of his actions were done by direction of a federal officer or under color of a federal office.

Moreover, Defendant points to no causal nexus between his charges, i.e., unlicensed driving and wet reckless, and "a federal officer's directions."

4

Rather, it appears that Defendant seeks to remove his case solely because he believes these charges violate his federal constitutional rights. 28 U.S.C. § 1443 permits removal of certain cases, as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. A petition for such a removal must satisfy a two-part test: it must assert 1) as a defense to the prosecution, rights that are given to the defendant by explicit statutory enactment protecting equal racial civil rights, and 2) that such rights cannot be enforced because of a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006) (setting forth two-part test for removal under § 1443(1)), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021).

Here, Defendant's defense to the underlying criminal prosecution does not arise from statutory enactments protecting equal civil rights nor does has Defendant pointed to any state statute or constitutional provision that prohibits him from enforcing such civil rights in state court.

Accordingly, remand is appropriate. *See Washington v. Barela* 2013 WL 1431655, at *1 (E.D. Wash., Apr. 9, 2013, No. CV-13-3035-EFS) (remanding criminal action where Defendant alleged he had been denied due process of law and effective assistance of counsel in the state action); *City of North Las Vegas v. Davis* 2013 WL 2394930, at *1 (D. Nev., May 30, 2013, No. 2:13-CV-00156-MMD) (finding that remand of state case regarding failure to abide by a helmet law was proper).

\\\

**III.     CONCLUSION AND RECOMMENDATIONS**

For the reasons given above, IT IS HEREBY RECOMMENDED:

1. This case be REMANDED back to the Superior Court of California, Tulare County.

2. The Clerk of the Court be directed to terminate all pending motions and close the case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within fourteen (14) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **September 18, 2025**          /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE